UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CHERYL ANN ROBERT | CIVIL ACTION |
| VERSUS | NO. 16-13746 |
| LASHAWN LAMBERT, ET AL | SECTION "N" (3) |

**ORDER AND REASONS**

Presently before the Court is a motion for remand (Rec. Doc. 12) filed by Plaintiff Cheryl Ann Robert ("Robert"). Having carefully considered the parties' submissions and applicable law, **IT IS ORDERED** that the motion is **GRANTED**. Accordingly, **IT IS FURTHER ORDERED** that this matter is **REMANDED** to Civil District Court for the Parish of Orleans, State of Louisiana.

**I. BACKGROUND**

The instant suit arises out of an automobile accident that occurred on June 10, 2015. Robert filed a petition for damages in Civil District Court for the Parish of Orleans on June 9, 2016, naming Federal Express Corporation ("FedEx"), Protective Insurance Company ("Protective"), and La'Shawn Lambert ("Lambert") as defendants. Thereafter, FedEx and Protective filed a notice of removal in this Court on August 10, 2016, alleging that jurisdiction exists under 28 U.S.C. §1332(a). (Rec. Doc. 1). At that time, Lambert had not yet been served, but without waiving the formal requirements of service of process, Lambert consented and joined the removal. On September 12, 2016, Robert filed the motion for remand presently before the Court.

In her motion, Robert alleges that this Court does not have subject matter jurisdiction pursuant to 28 U.S.C. §1332(a). Specifically, Robert alleges that both she and Lambert are

1

Louisiana citizens, thus destroying complete diversity between the parties.[1] However, Defendants allege that Lambert is a Georgia citizen because she now resides in Georgia with an intent to remain there indefinitely. (Rec. Doc. 15).

## II. LAW AND ANALYSIS

### a. Standard

Pursuant to 28 U.S.C. §1441(a), a civil action that was brought in a state court of which the United States district courts have original jurisdiction may be removed by the defendant(s) to the United States district court for the district and division embracing the location where such action is pending. *See* 28 U.S.C. §1441(a). In order for a court to have original jurisdiction under 28 U.S.C. §1332, complete diversity must exist between the plaintiff(s) and all properly joined defendants, and the amount in controversy must exceed $75,000.00. *See* 28 U.S.C. §1332. Moreover, to remove a case on the basis of diversity jurisdiction, "the diverse defendant must demonstrate that all of the prerequisites of diversity jurisdiction contained in 28 U.S.C. §1332 are satisfied." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004).

Complete diversity exists between the parties when the citizenship of every plaintiff is diverse from the citizenship of every defendant. *See Harrison v. Prather*, 404 F.2d 267, 272 (5th Cir. 1968); *Carden v. Arkoma Assoc.*, 494 U.S. 185, 187, 110 S.Ct. 1015, 1016-1017, 108 L.Ed.2d 157 (1990) (diversity jurisdiction is complete only if there is no plaintiff and no defendant who are citizens of the same state). With few exceptions, state citizenship is regarded as synonymous with domicile for purposes of diversity. *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996). "A person's domicile persists until a new one is acquired or it is clearly abandoned." *Id*. at

---

[1] FedEx is a foreign corporation organized under the laws of the state of Delaware with a principal place of business in Tennessee. In addition, Protective is a foreign insurance company organized under the laws of the state of Indiana with a principal place of business in Indiana.

250 (*citing Lew v. Moss*, 797 F.2d 747 (9th Cir. 1986); *Mas v. Perry*, 489 F.2d 1396 (5th Cir.) *cert. denied*, 419 U.S. 842, 95 S.Ct. 74, 42 L.Ed.2d 70 (1974)). Furthermore, there is a presumption in favor of the continuing domicile that requires a party attempting to show a change of domicile to present enough evidence to that effect to withstand a directed verdict. *Id*. (*citing Lew v. Moss*, 797 F.2d at 751). Moreover, while the party trying to show a change in domicile "assumes the burden of going forward on that issue," the ultimate burden of proving jurisdiction rests with the party invoking federal jurisdiction. *Id*. (internal citations omitted).

"A change in domicile typically requires only the concurrence of: (1) physical presence at the new location and (2) an intention to remain there indefinitely." *Id*. (internal citations omitted) ("[M]ere presence in a new location does not effect a change of domicile; it must be accompanied with the requisite intent."). In order to determine whether a person has effectuated a change in domicile, the court will evaluate several factors, including "the places where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his family." *Id*. at 251 (*citing Lew v. Moss*, 797 F.2d 747 (9th Cir. 1986); *Hendry v. Masonite Corp.*, 455 F.2d 955 (5th Cir.) *cert. denied*, 409 U.S. 1023, 93 S.Ct. 464, 34 L.Ed.2d 315 (1972); 1 J. Moore, Moore's Federal Practice § 0.74 [3.–3] n. 18 (1996) (citing authorities)). The court should look to all evidence that demonstrates a party's intentions to establish a domicile, with no single factor being determinative. *Id*. Moreover, a party's statement of intent is a relevant factor in determining domicile, "but it is entitled to little weight if it conflicts with the objective facts." *Id*. (*citing Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 556 (5th Cir. 1985); *Hendry v. Masonite Corp.*, 455 F.2d 955, 956 (5th Cir.) *cert. denied*, 409 U.S. 1023, 93 S.Ct. 464, 34 L.Ed.2d 315 (1972)).

### b. **Defendant Lambert's Domicile**

In the motion for remand presently before the Court, Robert alleges that Lambert is and always has been a Louisiana domiciliary. Robert puts forth evidence that Lambert purchased a home with her mother in Harvey, Louisiana on April 21, 2015, which Lambert still owns to date. (Rec. Doc. 12-2). Moreover, Robert asserts that Lambert likely still possesses a Louisiana driver's license, despite her recent move to Georgia. However, Robert provides the Court with no evidence of this Louisiana license. Robert also claims that Lambert's personal vehicle is still registered in Louisiana and that she is currently registered to vote in Louisiana. Again, Robert provides the Court with no evidence of these assertions. In addition, Robert also argues that Lambert was personally served at her home in Louisiana on September 5, 2016. *See* Rec. Doc. 12-3.

However, Defendants argue that Lambert is in fact a Georgia domiciliary, and the service made at Lambert's home was invalid service of process.[2] Defendants have submitted affidavits from Lambert's mother and sister stating that Lambert's sister was the person who was actually served at Lambert's home in Harvey, Louisiana. (Rec. Doc. 15-7; Rec. Doc. 15-9). In addition, Defendants have provided the Court with evidence of Lambert's current residential lease in Riverdale, Georgia that she entered into on April 19, 2016. (Rec. Doc. 1-7). Furthermore, Defendants have also submitted proof of Lambert's position as a FedEx courier in Lithia Springs, Georgia. (Rec. Doc. 15-5).

Defendants have also submitted a copy of Lambert's new Georgia driver's license as well as a copy of her gym membership in Georgia. (Rec. Doc. 15-2; Rec. Doc. 15-3). However, both the license and gym membership were acquired after this suit was filed and removed. Therefore,

---

[2] Defendants currently have a "Motion to Quash Service of Process" pending before the Court. The validity of the service of process will not be addressed in this Order.

4

such evidence is not helpful in determining Lambert's intent to change domicile at the time the instant suit was filed and later removed to this Court. Furthermore, Lambert has submitted a statement of her intent to remain in Georgia indefinitely and abandon her Louisiana domicile. (Rec. Doc. 15-1). Lambert's statement also indicates that her purpose in purchasing the home in Harvey, Louisiana was to help her mother who still resides in that home. Lambert also informs the Court of her intent to register to vote in Georgia at a later date.

While both Robert and Defendants allege various facts as indicators of Lambert's domicile, they have submitted very little evidence to the Court. When determining a party's domicile, the Court evaluates whether diversity of citizenship exists both at the time of filing suit in state court and at the time of removal to federal court. *See Coury*, 85 F.3d at 249. Furthermore, the difficult issue for a party to prove is typically not the party's presence within a state, but proving the party's intent to change domicile. Here, at the time that the suit commenced and at the time of removal, there is only evidence of Lambert having a residential lease in Georgia, working in Georgia, and stating her intent to stay in Georgia. However, "[a] person's state of domicile presumptively continues unless rebutted with sufficient evidence of change." *Preston v. Tenet Healthsystem Memorial Med. Ctr., Inc.*, 485 F.3d 793, 797-98 (5th Cir. 2007).

Here, Defendants bear both the burden of proving the change in domicile as well as the burden of proving that this Court has proper subject matter jurisdiction. While Defendants have submitted evidence of Lambert's presence in Georgia by submitting proof of her job and residential lease, they have not presented sufficient proof of her intent to change domicile at the time the suit was filed and at the time of removal. Lambert recently acquired a Georgia driver's license and a gym membership, but such evidence is not relevant in evaluating Lambert's intent *at the time the suit was filed* and then removed. Moreover, at the relevant time, Lambert still

owned (and presently owns) real property in Harvey, Louisiana. Therefore, since a party's domicile presumptively continues unless rebutted with sufficient relevant evidence, the Court finds that Defendants failed to meet their burden in proving change of domicile. There is simply not enough evidence demonstrating Lambert's intent to remain in Georgia indefinitely at the particular time in which the suit was filed and then removed to this Court.

### III. CONCLUSION

For the reasons stated herein,

**IT IS ORDERED** that the "Motion for Remand" (Rec. Doc. 12) is hereby **GRANTED**, and the matter is hereby **REMANDED** to the Civil District Court for the Parish of Orleans, State of Louisiana.

New Orleans, Louisiana, this 3rd day of October 2016.

_____
**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**